1

COLT / SINGER / BEA LLP
  Benjamin L. Singer (Bar. No. 264295)
  bsinger@coltsinger.com

2

  Douglas S. Tilley (Bar No. 265997)
  dtilley@coltsinger.com

3

4

601 Montgomery Street, Suite 1950
San Francisco, California  94111
Telephone:     (415) 500-6080
Facsimile:     (415) 500-6080

5

6

7

*Attorneys for Plaintiff Software Research, Inc.*

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

11

12

SOFTWARE RESEARCH, INC.,

CASE NO.

13

Plaintiff(s),

**COMPLAINT FOR PATENT INFRINGEMENT**

14

v.

15

UPTRENDS LLC, and DOES 1 through 10,

**JURY TRIAL DEMANDED**

16

Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Software Research, Inc. ("SRI" or "Plaintiff"), for its complaint against Defendants

2  Uptrends LLC ("Uptrends") and Does 1 through 10 (collectively, "Defendants"), upon information

3  and belief, states and alleges as follows:

## NATURE OF THE ACTION

4

5    1.    This is a civil action for infringement of United States Patent No. 7,757,175 (the "'175

6  Patent"); United States Patent No. 8,327,271 (the "'271 Patent"); United States Patent No. 8,392,890

7  (the "'890 Patent"); United States Patent No. 8,495,585 (the "'585 Patent"); United States Patent No.

8  8,650,493 (the "'493 Patent"), and United States Patent No. 8,984,491 (the "'491 Patent")

9  (collectively, the "Patents In Suit"), arising under the patent laws of the United States, 35 U.S.C. § 1

10 *et seq.*

11    2.    As set forth in more detail below, Defendants have been willfully infringing the

12 Patents In Suit and continue to do so through the present date.

## THE PARTIES

13

14    3.    Plaintiff is a corporation organized and existing under the laws of the State of

15 California with its principal place of business in this District.

16    4.    Upon information and belief, Defendant Uptrends is a Delaware corporation with its

17 principal place of business at 401 Edgewater Place, Suite 107, Wakefield, Massachusetts 01880.

18    5.    Upon information and belief, Defendants Does 1 through 10 are directors, officers,

19 employees, representatives, and/or agents of Defendant Uptrends who participated and/or are

20 currently participating in the use, development, sale, offer for sale, import, offer for import, and/or

21 other commercialization of Uptrends offerings that infringe one or more of the Patents in Suit.  The

22 true identities of Does 1 through 10 are unknown to Plaintiff, who will amend its complaint to state

23 such names when they become known to Plaintiff through discovery and/or continued investigation.

## JURISDICTION AND VENUE

24

25    6.    This Court has federal question subject matter jurisdiction over Plaintiff's patent

26 infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

27    7.    This Court has personal jurisdiction over Defendants because they have committed the

28 acts of patent infringement, including but not limited to the sale of products embodying Plaintiff's

1   patented invention to distributors and end-users, and/or the other unlawful acts complained of herein

2   in this State and this District.

3       8.      This Court has personal jurisdiction over Defendant because it has directed its acts of

4   infringement and/or the other unlawful acts complained of herein at this State and this District.

5       9.      This Court has personal jurisdiction over Defendant because it has engaged in

6   systematic and continuous contacts with this State and this District by, *inter alia*, regularly

7   conducting and soliciting business in this State and this District, and deriving substantial revenue

8   from products and/or services provided to persons in this State and this District.

9       10.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of

10  the acts complained of herein occurred in this District, Defendants transact business in this District,

11  and/or the property that is the subject of this action is situated in this District.

12      11.     Venue is proper in this District under 28 U.S.C. §§ 1391(c)-(d) and 1400(b) because

13  (i) Plaintiff maintains its principal place of business in this District, and (ii) this is a District in which

14  Defendants are subject to the Court's personal jurisdiction with respect to this action, and/or the

15  District in this State where Defendants have the most significant contacts.

16                    **COUNT I – INFRINGEMENT OF THE '175 PATENT**

17      12.     SRI re-alleges and incorporates the allegations of the preceding paragraphs of this

18  Complaint as if fully set forth herein.

19      13.     SRI is the assignee and owner of all right, title, and interest in and to the '175 Patent,

20  which was issued on July 13, 2010.  A true and correct copy of the '175 Patent is attached hereto as

21  Exhibit A.

22      14.     The '175 Patent addresses an invention for testing websites.  This disclosed innovation

23  tests many facets of the website's experience and operation, including by providing novel approaches

24  to creating, storing, and executing test scripts using website elements as opposed to the previously

25  disclosed use of recording test scripts based upon user actions only.

26      15.     SRI has commercially exploited the '175 Patent by making, marketing, selling, and

27  using products covered by the '175 Patent, including its popular eValid™ software products.

28

colt/singer/bea LLP

1       16.     At all relevant times, SRI provided public notice of the '175 Patent by properly

2  marking its products under 35 U.S.C. § 287(a).

3       17.     SRI has the exclusive right to make, use, sell, and/or offer to sell any product

4  embodying the '175 Patent throughout the United States, and to import any product embodying the

5  '175 Patent into the United States.

6       18.     Defendants have been, and are currently, directly infringing at least claim 17 of the

7  '175 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by

8  making, using, selling, and/or offering for sale certain website testing software, including products

9  utilizing Defendants' "Real Browser Monitoring Technology[,]" including but not limited to their

10  Web Application Monitoring offering (collectively "Defendants' Infringing Products").

11       19.     Defendants will, on information and belief, continue to infringe the '175 Patent unless

12  enjoined.

13       20.     Defendants actively encourage their customers and distributors to use, sell, and/or

14  offer for sale Defendants' Infringing Products.

15       21.     Defendants have encouraged this infringement with knowledge of the '175 Patent and

16  with a specific intent to cause their customers and distributors to infringe.

17       22.     Defendants' acts constitute active inducement of patent infringement in violation of 35

18  U.S.C. § 271(b).

19       23.     Defendants will, on information and belief, continue to induce infringement of the

20  '175 Patent unless enjoined.

21       24.     Defendants' direct infringement, as well as their actions inducing others to infringe,

22  has irreparably harmed SRI.

23       25.     Defendants will, on information and belief, continue to irreparably harm SRI unless

24  enjoined.

25       26.     Defendants have been aware of the '175 Patent since at least as early as the filing of

26  the instant complaint.

27       27.     Defendants' infringement of the '175 Patent is and has been willful and deliberate.

28

colt/singer/bea LLP

28.     Defendants' deliberate infringement, undertaken without any reasonable justification and despite an objectively high likelihood that its actions constituted infringement of a valid patent, makes this an exceptional case, entitling SRI to treble damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## COUNT II – INFRINGEMENT OF THE '271 PATENT

29.     SRI re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

30.     SRI is the assignee and owner of all right, title, and interest in and to the '271 Patent, which was issued on December 4, 2012.  A true and correct copy of the '271 Patent is attached hereto as Exhibit B.

31.     The '271 Patent addresses an invention for testing websites.  This disclosed innovation tests many facets of the website's experience and operation, including by providing novel approaches to creating, storing, and executing test scripts using website elements as opposed to the previously disclosed use of recording test scripts based upon user actions only.

32.     SRI has commercially exploited the '271 Patent by making, marketing, selling, and using products covered by the '271 Patent, including its popular eValid™ software products.

33.     At all relevant times, SRI provided public notice of the '271 Patent by properly marking its products under 35 U.S.C. § 287(a).

34.     SRI has the exclusive right to make, use, sell, and/or offer to sell any product embodying the '271 Patent throughout the United States, and to import any product embodying the '271 Patent into the United States.

35.     Defendants have been, and are currently, directly infringing at least claim 1 of the '271 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling and/or offering for sale certain website testing software, including, for example, Defendants' Infringing Products.

36.     Defendants will, on information and belief, continue to infringe the '271 Patent unless enjoined.

COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.

37.     Defendants actively encourage their customers and distributors to use, sell, and/or offer for sale Defendants' infringing website testing software.

38.     Defendants have encouraged this infringement with knowledge of the '271 Patent and with a specific intent to cause its customers and distributors to infringe the same.

39.     Defendants' acts constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

40.     Defendants will, on information and belief, continue to induce infringement of the '271 Patent unless enjoined.

41.     Defendants' direct infringement and their actions inducing others to infringe have irreparably harmed SRI.

42.     Defendants will, on information and belief, continue to irreparably harm SRI unless enjoined.

43.     Defendants have been aware of the '271 Patent since at least as early as the filing of the instant complaint.

44.     Defendants' infringement of the '271 Patent is and has been willful and deliberate.

45.     Defendants' deliberate infringement, undertaken without any reasonable justification and despite an objectively high likelihood that its actions constituted infringement of a valid patent, makes this an exceptional case, entitling SRI to treble damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## COUNT III – INFRINGEMENT OF THE '890 PATENT

46.     SRI re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

47.     SRI is the assignee and owner of all right, title, and interest in and to the '890 Patent, which was issued on March 5, 2013.  A true and correct copy of the '890 Patent is attached hereto as Exhibit C.

48.     The '890 Patent addresses an invention for testing websites.  The disclosed innovation tests many facets of the website's experience and operation, including by providing novel approaches

COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.

to creating, storing, and executing test scripts capable of accurately testing Asynchronous Javascript and XML (AJAX) web page elements.

49.    SRI has commercially exploited the '890 Patent by making, marketing, selling, and using products covered by the '890 Patent, including its popular eValid™ software products.

50.    At all relevant times, SRI provided public notice of the '890 Patent by properly marking its products under 35 U.S.C. § 287(a).

51.    SRI has the exclusive right to make, use, sell, and/or offer to sell any product embodying the '890 Patent throughout the United States, and to import any product embodying the '890 Patent into the United States.

52.    Defendants have been, and are currently, directly infringing at least claim 6 of the '890 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling and/or offering for sale certain website testing software, including, for example, Defendants' Infringing Products.

53.    Defendants will, on information and belief, continue to infringe the '890 Patent unless enjoined.

54.    Defendants actively encourage their customers and distributors to use, sell, and/or offer for sale Defendants' infringing website testing software.

55.    Defendants have encouraged this infringement with knowledge of the '890 Patent and with a specific intent to cause their customers and distributors to infringe the same.

56.    Defendants' acts constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

57.    Defendants will, on information and belief, continue to induce infringement of the '890 Patent unless enjoined.

58.    Defendants' direct infringement and their actions inducing others to infringe have irreparably harmed SRI.

59.    Defendants will, on information and belief, continue to irreparably harm SRI unless enjoined.

COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.

colt/singer/bea LLP

60.     Defendants have been aware of the '890 Patent since at least as early as the filing of the instant complaint.

61.     Defendants' infringement of the '890 Patent is and has been willful and deliberate.

62.     Defendants' deliberate infringement, undertaken without any reasonable justification and despite an objectively high likelihood that its actions constituted infringement of a valid patent, makes this an exceptional case, entitling SRI to treble damages and attorney fees under 35 U.S.C. §§ 284 and 285.

**COUNT IV – INFRINGEMENT OF THE '585 PATENT**

63.     SRI re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

64.     SRI is the assignee and owner of all right, title, and interest in and to the '585 Patent, which was issued on July 23, 2013.  A true and correct copy of the '585 Patent is attached hereto as Exhibit D.

65.     The '585 Patent addresses an invention for testing websites.  The disclosed innovation tests many facets of the website's experience and operation, including by providing novel approaches to creating, storing, and executing test scripts capable of accurately testing Asynchronous Javascript and XML (AJAX) web page elements.

66.     SRI has commercially exploited the '585 Patent by making, marketing, selling, and using products covered by the '585 Patent, including its popular eValid™ software products.

67.     At all relevant times, SRI provided public notice of the '585 Patent by properly marking its products under 35 U.S.C. § 287(a).

68.     SRI has the exclusive right to make, use, sell, and/or offer to sell any product embodying the '585 Patent throughout the United States, and to import any product embodying the '585 Patent into the United States.

69.     Defendants have been, and are currently, directly infringing at least claim 8 of the '585 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling and/or offering for sale certain website testing software, including, for example, Defendants' Infringing Products.

70.     Defendants will, on information and belief, continue to infringe the '585 Patent unless enjoined.

71.     Defendants actively encourage their customers and distributors to use, sell, and/or offer for sale Defendants' infringing website testing software.

72.     Defendants have encouraged this infringement with knowledge of the '585 Patent and with a specific intent to cause their customers and distributors to infringe the same.

73.     Defendants' acts constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

74.     Defendants will, on information and belief, continue to induce infringement of the '585 Patent unless enjoined.

75.     Defendants' direct infringement and their actions inducing others to infringe have irreparably harmed SRI.

76.     Defendants will, on information and belief, continue to irreparably harm SRI unless enjoined.

77.     Defendants have been aware of the '585 Patent since at least as early as the filing of the instant complaint.

78.     Defendant's infringement of the '585 Patent is and has been willful and deliberate.

79.     Defendants' deliberate infringement, undertaken without any reasonable justification and despite an objectively high likelihood that its actions constituted infringement of a valid patent, makes this an exceptional case, entitling SRI to treble damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## COUNT V – INFRINGEMENT OF THE '493 PATENT

80.     SRI re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

81.     SRI is the assignee and owner of all right, title, and interest in and to the '493 Patent, which was issued on February 11, 2014.  A true and correct copy of the '493 Patent is attached hereto as Exhibit E.

colt/singer/bea LLP

82.     The '493 Patent addresses an invention for testing websites.  The disclosed innovation tests many facets of the website's experience and operation, including by providing novel approaches to creating, storing, and executing test scripts using website elements as opposed to the previously disclosed use of recording test scripts based upon user actions only.

83.     SRI has commercially exploited the '493 Patent by making, marketing, selling, and using products covered by the '493 Patent, including its popular eValid™ software products.

84.     At all relevant times, SRI provided public notice of the '493 Patent by properly marking its products under 35 U.S.C. § 287(a).

85.     SRI has the exclusive right to make, use, sell, and/or offer to sell any product embodying the '493 Patent throughout the United States, and to import any product embodying the '493 Patent into the United States.

86.     Defendants have been, and are currently, directly infringing at least claim 1 of the '493 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling and/or offering for sale certain website testing software, including, for example, Defendants' Infringing Products.

87.     Defendants will, on information and belief, continue to infringe the '493 Patent unless enjoined.

88.     Defendants actively encourage their customers and distributors to use, sell, and/or offer for sale Defendants' infringing website testing software.

89.     Defendants have encouraged this infringement with knowledge of the '493 Patent and with a specific intent to cause their customers and distributors to infringe the same.

90.     Defendants' acts constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

91.     Defendants will, on information and belief, continue to induce infringement of the '493 Patent unless enjoined.

92.     Defendants' direct infringement and their actions inducing others to infringe have irreparably harmed SRI.

93.     Defendants will, on information and belief, continue to irreparably harm SRI unless enjoined.

94.     Defendants have been aware of the '493 Patent since at least as early as the filing of the instant complaint.

95.     Defendants' infringement of the '493 Patent is and has been willful and deliberate.

96.     Defendants' deliberate infringement, undertaken without any reasonable justification and despite an objectively high likelihood that its actions constituted infringement of a valid patent, makes this an exceptional case, entitling SRI to treble damages and attorney fees under 35 U.S.C. §§ 284 and 285.

### COUNT VI – INFRINGEMENT OF THE '491 PATENT

97.     SRI re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

98.     SRI is the assignee and owner of all right, title, and interest in and to the '491 Patent, which was issued on March 17, 2015.  A true and correct copy of the '491 Patent is attached hereto as Exhibit F.

99.     The '491 Patent addresses an invention for testing websites.  The disclosed innovation tests many facets of the website's experience and operation, including by providing novel approaches to creating, storing, and executing test scripts using website elements as opposed to the previously disclosed use of recording test scripts based upon user actions only.

100.    SRI has commercially exploited the '491 Patent by making, marketing, selling, and using products covered by the '491 Patent, including its popular eValid™ software products.

101.    At all relevant times, SRI provided public notice of the '491 Patent by properly marking its products under 35 U.S.C. § 287(a).

102.    SRI has the exclusive right to make, use, sell, and/or offer to sell any product embodying the '491 Patent throughout the United States, and to import any product embodying the '491 Patent into the United States.

103.    Defendants have been, and are currently, directly infringing at least claim 3 of the '491 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by

1   making, using, selling and/or offering for sale certain website testing software, including, for

2   example, Defendants' Infringing Products.

3         104.   Defendants will, on information and belief, continue to infringe the '491 Patent unless

4   enjoined.

5         105.   Defendants actively encourage their customers and distributors to use, sell, and/or

6   offer for sale Defendants' infringing website testing software.

7         106.   Defendants have encouraged this infringement with knowledge of the '491 Patent and

8   with a specific intent to cause their customers and distributors to infringe the same.

9         107.   Defendants' acts constitute active inducement of patent infringement in violation of 35

10  U.S.C. § 271(b).

11        108.   Defendants will, on information and belief, continue to induce infringement of the

12  '491 Patent unless enjoined.

13        109.   Defendants' direct infringement and their actions inducing others to infringe have

14  irreparably harmed SRI.

15        110.   Defendants will, on information and belief, continue to irreparably harm SRI unless

16  enjoined.

17        111.   Defendants have been aware of the '491 Patent since at least as early as the filing of

18  the instant complaint.

19        112.   Defendants' infringement of the '491 Patent is and has been willful and deliberate.

20        113.   Defendants' deliberate infringement, undertaken without any reasonable justification

21  and despite an objectively high likelihood that its actions constituted infringement of a valid patent,

22  makes this an exceptional case, entitling SRI to treble damages and attorney fees under 35 U.S.C.

23  §§ 284 and 285.

**DEMAND FOR JURY TRIAL**

24

25        Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

26

27        WHEREFORE, Plaintiff asks this Court to:

28

COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.

1    A.    Find that United States Patent No. 7,757,175 is valid and enforceable against

2            Defendants;

3    B.    Find that Defendants have infringed and are infringing United States Patent No.

4            7,757,175;

5    C.    Permanently enjoin Defendants, their officers, agents, servants, employees, and those

6            persons acting in active concert or in participation therewith from infringing United

7            States Patent No. 7,757,175;

8    D.    Award SRI damages sufficient to compensate it for Defendants' past and future

9            infringement of United States Patent No. 7,757,175, together with costs and

10           prejudgment interest;

11    E.    Find that United States Patent No. 8,327,271 is valid and enforceable against

12           Defendants;

13    F.    Find that Defendants have infringed and are infringing United States Patent No.

14           8,327,271;

15    G.    Permanently enjoin Defendants, their officers, agents, servants, employees, and those

16           persons acting in active concert or in participation therewith from infringing United

17           States Patent No. 8,327,271;

18    H.    Award SRI damages sufficient to compensate it for Defendants' past and future

19           infringement of United States Patent No. 8,327,271, together with costs and

20           prejudgment interest;

21    I.    Find that United States Patent No. 8,392,890 is valid and enforceable against

22           Defendants;

23    J.    Find that Defendants have infringed and are infringing United States Patent No.

24           8,392,890;

25    K.    Permanently enjoin Defendants, their officers, agents, servants, employees, and those

26           persons acting in active concert or in participation therewith from infringing United

27           States Patent No. 8,392,890;

28

colt/singer/bea LLP

1    L.    Award SRI damages sufficient to compensate it for Defendants' past and future

2          infringement of United States Patent No. 8,392,890, together with costs and

3          prejudgment interest;

4    M.    Find that United States Patent No. 8,495,585 is valid and enforceable against

5          Defendants;

6    N.    Find that Defendants have infringed and are infringing United States Patent No.

7          8,495,585;

8    O.    Permanently enjoin Defendants, their officers, agents, servants, employees, and those

9          persons acting in active concert or in participation therewith from infringing United

10         States Patent No. 8,495,585;

11   P.    Award SRI damages sufficient to compensate it for Defendants' past and future

12         infringement of United States Patent No. 8,495,585, together with costs and

13         prejudgment interest;

14   Q.    Find that United States Patent No. 8,650,493 is valid and enforceable against

15         Defendants;

16   R.    Find that Defendants have infringed and are infringing United States Patent No.

17         8,650,493;

18   S.    Permanently enjoin Defendants, their officers, agents, servants, employees, and those

19         persons acting in active concert or in participation therewith from infringing United

20         States Patent No. 8,650,493;

21   T.    Award SRI damages sufficient to compensate it for Defendants' past and future

22         infringement of United States Patent No. 8,650,493, together with costs and

23         prejudgment interest;

24   U.    Find that United States Patent No. 8,984,491 is valid and enforceable against

25         Defendants;

26   V.    Find that Defendants have infringed and are infringing United States Patent No.

27         8,984,491;

28

COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.

1    W.    Permanently enjoin Defendants, their officers, agents, servants, employees, and those

2          persons acting in active concert or in participation therewith from infringing United

3          States Patent No. 8,984,491;

4    X.    Award SRI damages sufficient to compensate it for Defendants' past and future

5          infringement of United States Patent No. 8,984,491, together with costs and

6          prejudgment interest;

7    Y.    Award SRI treble damages under 35 U.S.C. § 284 as just and proper;

8    Z.    Award SRI its reasonable attorney fees under 35 U.S.C. § 285; and

9    AA.   Award SRI such other and/or additional relief as the Court deems just and proper.

10

11   Date:  September 23, 2015              Respectfully submitted,

12                                          COLT / SINGER / BEA LLP

13

14                                          By:  _____

15                                               Benjamin L. Singer
                                                 Douglas S. Tilley
16                                               *Attorneys for Plaintiff Software Research, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.